UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JERMAINE CARPENTER,                )
                                   )
    Plaintiff,                     )
                                   )
    v.                             )   13-CV-3326
                                   )
DAVID BIERMANN, et al.,            )
                                   )
                                   )
    Defendants.                    )
                                   )

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* On July 22, 2013, Plaintiff went to the gym only to discover that training mats were covering the area where Plaintiff had planned to shoot basketball. The training mats had been used that morning for a staff training exercise.

Plaintiff proceeded to move the mats out of the way, whereupon Security Guard Seymore told Plaintiff to leave the mats where they were and shoot hoops on the other side of the room.

Plaintiff protested because other detainees were already using the other side of the recreation room to lift weights. According to Plaintiff, Seymore directed Plaintiff to use the other side of the room or leave, and Plaintiff chose to leave.

A few days later, Plaintiff was written a disciplinary report for disruptive conduct/disobeying a direct order/insolence arising from the basketball incident. The report accused Plaintiff of arguing with staff, cursing, accusing the guard of being racist, and refusing to return to his room after a direct order.

Defendants Jumper, Roth, and Clark were the disciplinary committee members who presided over Plaintiff's disciplinary hearing. Plaintiff denied behaving in a disruptive or disrespectful manner. Plaintiff alleges that he was not allowed to offer exonerating evidence to the committee such as witness statements or video footage. Plaintiff allegedly asked Defendant Jumper to recuse himself from the disciplinary committee because of Plaintiff's pending civil action against Jumper, but Jumper refused.

The disciplinary committee found Plaintiff guilty and punished him with 30 days of "close" status, which entails the loss of certain privileges and restrictions on movement. The committee also

recommended that Plaintiff be required to wear the "black box" restraint on transports outside the facility for 90 days.  Additionally, Defendant Jumper failed or refused to recommend that Plaintiff be allowed to continue his sex offender treatment while Plaintiff served his punishment.  Plaintiff asked his therapists for permission to continue his therapy but was only permitted to continue part of that therapy while he served his punishment.

## ANALYSIS

At this early stage, the Court cannot rule out a procedural due process claim based on the alleged partial decisionmaker (Defendant Jumper) and Plaintiff's inability to present exonerating evidence at the disciplinary hearing. *See* Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974)(establishing procedural due process protections in prison disciplinary proceedings, which protections include an impartial decisionmaker and a meaningful opportunity to defend against the charge).

A further developed record may show that the punishment imposed on Plaintiff did not rise to a protected liberty interest, in which case Plaintiff had no right to procedural due process.  For example, the Seventh Circuit has held that the imposition of "close"

status at the Rushville Treatment and Detention Center does *not* implicate a protected liberty interest, nor does the use of the black box restraint during transport outside the facility.  Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011).  However, the Court is aware from another pending case in this District that the term "close status" may now entail more significant restrictions than those in the Miller case.  *See* Fields v. Clayton, 11-CV-3368 (C.D. Ill., Judge Myerscough).  The record needs development on the exact deprivations Plaintiff suffered in order to determine whether Plaintiff's constitutionally protected liberty interests were affected.  The procedural due process claim will therefore proceed against the disciplinary committee members:  Defendants Jumper, Roth, and Clark.

   Plaintiff also states an arguable claim against Defendant Jumper for retaliating against Plaintiff for Plaintiff's pending lawsuit against Jumper, Carpenter v. Jumper, et al., 12-CV-3352 (C.D. Ill., Judge Myerscough).  Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)(retaliation for exercising First Amendment right states a constitutional claim).  The alleged retaliation in this case appears to be finding Plaintiff guilty without allowing him an opportunity to

present evidence, imposing an atypically harsh punishment on Plaintiff, and failing or refusing to recommend Plaintiff for continued participation in group therapy while Plaintiff served out his punishment.

The Court cannot discern a federal claim against the remaining Defendants. Defendant Seymore allegedly wrote the false or exaggerated disciplinary report against Plaintiff, but that does not alone violate the Constitution. Plaintiff's constitutional protection against that kind of arbitrary action would be procedural due process protections, provided a liberty interest was at stake. Leslie v. Doyle, 125 F.3d 1132, 1136 (7th Cir. 1998)("Broadly speaking, the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, . . . ; it prohibits the abuse of power that effects a significant deprivation.")(citations omitted)). Nor does a constitutional violation arise from the refusal of Plaintiff's therapists or the Facility Director to allow Plaintiff to continue all of his therapy while Plaintiff served his punishment. Even if a 30-day interruption in therapy implicates constitutional liberty interests, deference would be due the professional judgment of Plaintiff's therapists. See Youngberg v. Romeo, 457 U.S. 307,

323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised).  These individuals were not involved in the disciplinary hearing; the only part these individuals played was to determine whether Plaintiff's therapy should be suspended for 30 days in light of the disciplinary committee's findings.  No plausible inference arises that this decision was a substantial departure from accepted professional judgment.  <u>Sain v. Wood</u>, 512 F.3d 886, 894-95 (7th Cir. 2009).

**IT IS ORDERED:**

    1.   Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims:  1) a procedural due process claim against Defendants Jumper, Clark, and Roth; and 2) a retaliation claim against Defendant Jumper. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Biermann, Scott, Kunkel, Prezell, Kopeck, Teleski, Stephans, Caraway, Lodge, Jelinek, Winters, Volke, Seymore, and Liberty Health Care Corporation are dismissed.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.  Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

12. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

13.  The Clerk is directed to terminate Defendants Biermann, Scott, Kunkel, Prezell, Kopeck, Teleski, Stephans, Caraway, Lodge, Jelinek, Winters, Volke, Seymore, and Liberty Health Care Corporation.

ENTERED:  January 22, 2014

FOR THE COURT:

                                                s/Colin Stirling Bruce
                                                COLIN STIRLING BRUCE
                                                UNITED STATES DISTRICT JUDGE